**Elizabeth HILTON, Respondent,**

and

**Robert Hilton, et al.,**

v.

**DAVITA, INC., Defendant.**

**No. ED 92571.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 12, 2010.

Application for Transfer Denied
March 2, 2010.

James W. Schottel, Jr., St. Louis, MO, for appellant.

James R. Dowd, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Robert Hilton, Michael Hilton, Shelly Hilton, Marsha Friend, and Judy Black ("Step–Children") appeal from the judgment of the trial court that apportioned the proceeds of the $250,000 settlement for the wrongful death of their father, George Hilton ("Decedent"), from Davita, Inc., and that awarded attorneys' fees and expenses. We summarily deny five of these claims and find that no jurisprudential purpose would be served by an exposition of the detailed facts and law.[1] Rule 84.16(b).

Viewed in the light most favorable to the judgment, the evidence is as follows. Decedent died on July 26, 2006, leaving as survivors his wife of more than twenty-three years, Elizabeth Hilton ("Wife") and his five children from his previous marriage, who are the step-children of Wife. In September 2006, Wife and Robert Hilton met with attorney John Wallach. A client fee agreement was signed, which provided that Attorney Wallach would receive twenty-eight percent of the gross recovery after expenses.

As a result of negotiations between Attorney Wallach and Davita, Davita made a settlement offer of $250,000 in July 2008. The Step–Children retained James Schottel, Jr., as counsel to represent them in the wrongful death action on August 1, 2008. Step–Children, represented now by Attorney Schottel, joined Wife as plaintiffs in the wrongful death action on August 25, 2008.

The trial court held a hearing on December 16, 2008, for approval and apportionment of the settlement. The trial court

---

1. The parties have been furnished with a memorandum, for their information only, setting forth the reasons for our decision pursuant to Rule 84.16(b).

issued findings of fact and a judgment and order. It found that Attorney Wallach had negotiated a settlement for $250,000 on the claim against Davita, following a retention contract signed by Wife and Robert, with Robert signing it on behalf of all the Step–Children. The trial court apportioned the proceeds of the settlement by awarding Wife $200,000, and $10,000 to each of the Step–Children. It ordered costs assessed to Davita and ordered that Attorney Wallach's expenses be shared proportionate to each party's recovery. However, the trial court failed to address the attorney's fees, rather than expenses, for either Attorney Wallach or Attorney Schottel.

Consequently, Wife filed a motion to correct, amend or modify judgment on January 15, 2009 that asked the trial court to enforce the retention agreement signed by Wife and Robert, or in the alternative to award Attorney Wallach twenty-eight percent of the $250,000 settlement. One week later, Wife filed a motion for a new trial on the limited issue of attorneys' fees, which the trial court granted. The trial court held a hearing on the issue of attorneys' fees on April 6, 2009, and entered an amended order and judgment on May 7, 2009. The trial court incorporated its judgment of December 23, 2008 by reference. It found that Attorney Wallach had a valid retention contract with Wife and all of the Step–Children for a fee of twenty-eight percent of the gross settlement, which was $250,000, thereby entitling him to $70,000, along with expenses of $3,804.54 for a total award to him of $73,804.54. The trial court calculated what Wife and each of the Step–Children was awarded, what each owed to Attorney Wallach, and what each recovered net. It also found that Attorney Schottel entered late into the case and "to some degree successfully addressed a change in position by the five adult children of the Decedent." It

further found that the Step–Children had entered into a contract with him to pay him twenty-five percent of sums recovered by them, and it ordered that this amount be deducted from the individual distributions of the Step–Children, and awarded those sums to Attorney Schottel. Step–Children now appeal from this judgment.

■ In their third point relied on, Step–Children assert that the trial court erred in ordering them to share the deposition and mediation expenses of Attorney Wallach because the depositions related to the apportionment of the settlement proceeds, and the mediation did not occur, and section 537.095 provides that claimants of wrongful death proceeds shall pay the expenses of recovery and collection of the judgment.

■ Wife concedes as to the issue of the sharing of the costs of the depositions, and accordingly we will modify the trial court's judgment ordering Step–Children to pay Attorney Wallach for this expense. Regarding the cancellation fee for the mediation, this is a legitimate expense incurred by Attorney Wallach. The mediation session was scheduled to try to resolve the wrongful death claim against Davita, which is a normal expense. The mediation session was cancelled, also in the course of trying to settle the claim. Public policy and the law favor the settlement of disputes. *See State ex rel. Malan v. Huesemann,* 942 S.W.2d 424, 427 (Mo.App. 1997); *Holtmeier v. Dayani,* 862 S.W.2d 391, 403 (Mo.App.1993). The costs of a mediation scheduled to try to settle a claim, whether the mediation is held or cancelled, is an appropriate expense to be apportioned. Point denied in part and sustained in part.

■ Rule 84.14 permits the appellate court to "give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case. On review, we need not remand,

but may render the judgment that should have been rendered by the trial court." *Apted–Hulling Inc. v. L & S Properties, Ltd.*, 234 S.W.3d 486, 489 (Mo.App.2007). It is an appropriate case for the appellate court to render such a judgment where there is no dispute as to the facts but only a dispute as to their legal significance. *Id.* In this case, there is no dispute as to the facts relating to the point relied on. Wife concedes that the trial court erred on the apportionment of the costs of the depositions, and there is no dispute that the mediation with Davita was scheduled, but did not take place, with the wrongful death case being settled. Accordingly, we can render the judgment that the trial court should have rendered.

We affirm the trial court's judgment awarding expenses to Attorney Wallach. Because the trial court erred in apportioning the costs of depositions that occurred after the settlement had been reached, we modify the judgment to order Step–Children and Wife to pay the correct amount of their respective shares of Attorney Wallach's expenses. Each of the Step–Children shall pay Attorney Wallach the sum of $135.08 for his expenses (instead of $152.18), and Wife shall pay Attorney Wallach the sum of $3,129.13 for his expenses (instead of $3,043.63).

The judgment is affirmed as to the apportionment of the settlement proceeds and to the awards of attorneys' fees. As to the award of expenses to Attorney Wallach, the judgment is modified so as to order Step–Children and Wife to pay Attorney Wallach the correct sums owed to him, and, as so modified, is affirmed.

KATHIANNE KNAUP CRANE, P.J., and NANNETTE A. BAKER, J., concur.